UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED

MAR 07 2022

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

**LONNIE B. THOMPSON**

Petitioner,

v.

**CHARMAINE BRACY, Warden**

Respondent,

**CASE NO. 1:19-CV-58**

**JUDGE SARA LIOI**

**MAGISTRATE JUDGE DAVID A. RUIZ**

**PETITIONER'S OBJECTIONS TO MAGISTRATE REPORT AND RECOMMENDATION**

Now comes the petitioner Lonnie B. Thompson in objection to the Magistrate Report and Recommendation.

This court should grant habeas relief to the Petitioner as he has not only raised sufficient claims but also provided the necessary evidence supported by the state court record proving that he has suffered a number of state and federal constitutional violations not only during the course of his trial, more so during the state appellate court process. Because of the limited time in which Petitioner has to object, he is only able to develop a partial defense as his case has a long procedural history. This court must consider the obstacles Thompson faces as a state inmate housed under COVID restrictions that limit access to the law library. Therefore, Thompson would ask to revisit this stage if necessary to provide more information which would allow a more in-depth Objection.

The relevant provisions of ADEPA state:

1

(d)An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim-

(1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal Law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence

28 U.S.C §2254(d) (1996)

### (1). Ground Four: Vindictive Sentencing.

Concerning ground four of Thompsons Habeas petition, he claims Judge Shirley Strickland Saffold was vindictive in her punishment/sentence by ordering the petitioner to serve what would be considered a "de facto" life sentence for all non-violent crimes with no human victims. The only victim in this case that suffered any financial loss, was Wal-Mart, the business entity. No other victims were in said case. Because petitioner optioned his Constitutional Right to a fair and impartial trial, he was given a 31 and ½ -year sentence after being found guilty. However, prior to trial the Petitioner was offered a (7) seven-year Plea Deal which remained open until the conclusion of trial. The massive leap from a seven (7) year plea deal, compared to a 31 and ½ years sentence, should draw some attention to the method or methods used by common pleas court Judge Shirley Strickland Saffold with concerning her sentencing determination.

During Petitioners last sentencing hearing, which was held under a de-novo standard, he bought to the attention of the court that his sentence was vindictive, and disproportionate as he and his attorney compared it to other crimes in which defendants were given less time for more serious offenses and greater amounts lost to their victim(s). See March 29th, 2016 sentencing transcripts referencing page #13. Petitioner went on to raise this issue subsequently on Direct Appeal at every state level. Regardless of what terms he used to present his claims the facts it remains the same:

2

-The comments by the trial Judge at his sentencing.

-Petitioner was given more time than his co-defendants who received.

-He was harshly punished for exercising his right to a jury trial.

Federal courts have recognized error when a petitioner is given a harsher punishment for exercising their rights to trial See. <u>United States v. Derrick</u>, 519 F. 2d 1, <u>United States v. Stockwell</u>, 472 F.2d 1186. Where such appearance has been created, the appellate court will determine whether the record contains an unequivocal statement as to whether the decision to go to trial was or was not considered in fashioning the sentence. See <u>United States v. Hutchings</u>, supra. Absent such an unequivocal statement, the sentence will be reversed and the matter remanded for resentencing. Id.; <u>United States v. Medina-Cervantes</u>, (C.A. 9 1982), 690 f.2D 715, 716-717. *The Medina-Cervantes* Court stated:

> [The contested] statements clearly give rise to the inference that Medina-Cervantes was punished more severely because of his assertion of the right to trial by jury. Nothing in the record before us serves to dispel this inference Accordingly, in order to avoid the "chilling effect" upon the exercise of the right to trial presented by even the appearance of such practice, we conclude that the sentence imposed on Medina Cervantes must be vacated.

This alone supports Mr. Thompson's sentence as being vindictive, and a further "trial tax". The argument that this claim was not presented to all state court levels and is barred by the doctrine of res judicata is without merit. The application of res judicata cannot apply due to the fact that Petitioners remand was held under a "de novo standard" where he bought up the vindictive, disproportionate, and the cruel and unusual nature of his sentence. The state court even neglected to

3

follow their case law in State v. Wilson, 2011-Ohio-2669. Supporting that "the doctrine of res judicata does not apply to re-sentencings that are held pursuant to a de-novo standard". Furthermore, Judge Saffold did not state its finding as to why it could not sentence closer to the range of the (7) year plea deal offered by the state that actually remained until the conclusion of trial. Instead the trial judge engaged in unprofessional and belittling language that did not provide any relevant facts for such a lengthy non-violent offense. This court need only to review the record to answer in the affirmative the question if Petitioners sentence was vindictive in considering the trial judges dialogue not only at his initial sentencing hearing but also at his re sentencing hearing.

As averred in Petitioners traverse, this claim was raised on direct appeal of that March, 2016 re-sentencing and subsequently to all state court levels. Regardless of the language used by petitioner, as a pro se litigant, He is entitled to a liberal construction of his pleadings. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). This court need only to review the record before it to concede that petitioners suffered a constitutional violation as a result of the vindictive punishment received.

## (2). Ground Three: Statutory Findings Necessary to Impose Consecutive Sentences

On Petitioners fourth state appeal he bought to the attention of the court, his sentence was unconstitutional and thereby notifying the court and by this, putting the State of notice, he suffered a Due Process violation following the imposition of consecutive sentences absent the proper statutory findings by the trial court. The Court of Appeals for the Eight District dismissed this appeal for lack of a final appealable order. However, when the petitioners sentence became a final order and he once again presented this claim to the Appellate Court for review, the 8th, Dist. Appellate Court barred this claim under res judicata.

The warden respondent waived a procedural default argument against this claim, but the argument was sua sponte by the Magistrate Judge. This defense by the court concerning the legitimacy of petitioner's claim is without merit as petitioner could not have presented this claim in an earlier appeal because his sentence was not reviewable to the state court due to a lack of finality. Furthermore, this satisfies a showing of cause and prejudice to excuse the procedural bar. Thompson's claim was only able to be reviewed by a higher court following a final order that produced a fifth appeal. The state procedural bar being used as a vehicle to punish the petitioner and deny him federal relief is error.

Petitioner directs the court to weigh the facts of his case and the misuse of the doctrine of res judicata to further deny him due process of law. This court need only to look to record to find that this claim was properly preserved for review. Especially when considering that The Ohio Constitution limits appellate jurisdiction to the review of final judgments of lower courts. Ohio Constitution, Article IV, Section 3(B)(2). R.C. 2505.02(B)(4) lists the types of orders that qualify as final, appealable orders.

Therefore, the petitioner prays for habeas relief by this court as the trial, court appellate court and respondent disregarded their own statues and case law to deny Mr. Thompson his state and federal constitutional rights.

### (3) Ground Two: Merger/ Double Jeopardy

Thompson in his second assignment of error claimed that the trial court failed to merge his convictions and were imposed in violation of Ohio Law and the Double Jeopardy Clause of the United States Constitution. The Ohio state courts standard on merging sentences are clear and developed placing a burden on the sentencing court Stating in part:

> [*P8] "The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides that no person shall 'be subject for the same offence to be twice

5

put in jeopardy of life or limb.'" *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 10, quoting the Fifth Amendment to the U.S. Constitution. Applicable to the State of Ohio through the Fourteenth Amendment to the United States Constitution, "[t]he Double Jeopardy Clause protects against three abuses: (1) 'a second prosecution for the same offense after acquittal,' (2) 'a second prosecution for the same offense after conviction,' and (3) 'multiple punishments for the same offense.'" *Id.*, quoting *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), *overruled on other grounds*, *Alabama v. Smith*, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989).

[*P9] Ohio's multiple counts statute in R.C. 2941.25 "codifies certain protections of the Double Jeopardy Clauses of the United States Constitution and the Ohio Constitution [and] prohibit[s] a defendant from being convicted multiple times for the same conduct." *State v. Howton*, 3d Dist. Allen No. 1-16-35, 2017-Ohio-4349, ¶ 14. R.C. 2941.25 reads as follows:

**(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.**

**(B) Where the defendant's conduct constitutes two [**6] or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.**

R.C. 2941.25. Thus, under Ohio law, if a defendant is charged with allied offenses of similar import the "trial court is required to merge allied offenses of similar import at sentencing." *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627, ¶ 28, quoting *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 27.

[*P10] "In determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must evaluate three separate factors—the conduct, the animus, and the import." *Ruff*, paragraph one of the syllabus. Separate convictions are permitted under R.C. 2941.25

**if we answer affirmatively to just one of the following three questions: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separate? And (3) Were they committed with a separate animus or motivation?**

*State v. Potts*, 2016-Ohio-5555, 69 N.E.3d 1227, ¶ 96 (3d Dist.), quoting *State v. Bailey*, 1st Dist. Hamilton No. C-104129, 2015-Ohio-2997, ¶ 76, citing *Ruff* at paragraph three of the syllabus. When examining allied offenses, "the question is not whether a particular sentence is justified, but whether the defendant may be sentenced upon all the offenses." [**7] *Sergent* at ¶ 28, quoting *Underwood* at ¶ 27. Quoting: State v. Hardy, 2021-Ohio-2977, P8-P10

6

The Respondent provided no defense as to this claim as the state appellate court never considered the argument. Furthermore, the respondent did not deny Thompson suffered a constitutional violation. When reviewing the state court record, the trial court never considered the objection by counsel to consider merger of of his convictions as they fall in the realm of violating petitioner's protection against Double Jeopardy. Habeas Relief is warranted.

**(4)** Petitioner will address grounds one, two, and three simultaneously as the issue concerns the trial courts failure to hold a proper hearing in considering the consecutive constitutionality of his entire sentence.

**Ground one: Lack of a *De Novo* Resentencing:**

**Ground two: Allied Offenses and the Double Jeopardy Clause:**

**Ground three: Statutory Fact-Finding and Consecutive Sentencing:**

When an appellate court modifies a criminal conviction and vacates the sentence imposed for that modified offense, "[a] remand for a new sentencing hearing generally anticipates a de novo sentencing hearing." *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, ¶ 15, 951 N.E.2d 381, citing R.C. 2929.19(A); *State v. Emanuel*, 10th Dist. No. 15AP-734, 2016-Ohio-3187, ¶ 14. This requires that a trial court hold a sentencing hearing and engage in the analysis required under R.C Chapter 2929, even on a resentencing following remand. *See* R.C. 2929.19(A). "During a de novo resentencing, '* * * the trial court is free to impose the identical sentence that was originally imposed, or a greater or lesser sentence within its discretion * * *.'" *State v. Jackson*, 8th Dist. No. 92365, 2009-Ohio-4995, ¶ 9, quoting *State v. Cook*, 8th Dist. No. 90487, 2008-Ohio-4246, ¶ 10.

The issue here with Thompson's claim that there was a lack of a *de novo* sentencing hearing is the fact that there was an inference that his crimes were allied offense and the trial court at the least

7

should have held a hearing to determine (if) consecutive sentences would be a violation of his state and constitutional rights. When The 8th District State Appellate Court limited its remand to Only specific counts, Petitioner at the sentencing hearing through counsel notified the trial court that other counts should merge for the purpose of sentencing. However, the trial court judge thought it would be more judicially effective to engage in a fact less and wholly frivolous dialogue concerning her personal opinion about petitioner's remorse for his crime disregarding any objection by petitioner or his attorney. *See March 2016, Sentencing Hearing.* Furthermore, even if the remand was limited to the correction of a sentence, as long as he is in present to raise objection at his sentencing hearing, the issue is preserved for appeal.

The state appellate court did definitively address petitioner's claims regarding grounds one, two, and three. Thompson is entitled to habeas relief as a Double Jeopardy claim is valid under this particular circumstance.

## CONCLUSION

In its decision, Petitioner Lonnie B. Thompson, requests that this Honorable Court upon review, consider what is factual. Being the 8th, District Appellate Court failed to fully adjudicate Petitioner's claims leaving the Magistrate Judge to *sua sponte*, affirm Thompson claims on a procedural basis not provided nor determined by the state. Thomson properly notified the State of United States Constitutional violations suffered at the trial and sentencing level, the 8th District Appellate Court in this case had the opportunity to review petitioners claims Under the Plain Error Doctrine provided under Ohio Criminal Rule 52(B).

"By its very terms, the rule places three limitations on a reviewing court's decision to correct an error" that was not preserved at trial. *State v. Barnes*, 94 Ohio St. 3d 21, 27, 2002-Ohio-68, 759 N.E.2d 1240 (2002). First, an error, "*i. e.* a deviation from a legal rule," must have occurred. *Id.*, citing *State v. Hill*, 92 Ohio St. 3d 191, 200, 2001-Ohio-141, 749 N.E.2d 274 (2001), citing *United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Second, the error complained of must be plain, that is, it must be "an 'obvious' defect in the trial proceedings." *Id.*, citing *State v. Sanders*, 92 Ohio St. 3d 245, 257, 2001-Ohio-189, 750 N.E.2d 90 (2001), citing *State v. Keith*, 79 Ohio St. 3d 514, 518, 1997-Ohio-367, 684 N.E.2d 47 (1997). "Third, the error must have affected 'substantial rights.' We have interpreted this * * * to mean that the trial court's error must have affected the outcome of the trial." *Id. State v. Morgan*, 153 Ohio St. 3d 196, 203, 2017-Ohio-7565, P35, 103 N.E.3d 784, 791-792, 2017 Ohio LEXIS 1688, *16 (Ohio September 13, 2017).

This Honorable Court can agree that prior decisions in regards to rulings on this case were the results of a deviated from legal rules, statutes, standards of law that affected Thompson's substantial constitutional rights at trial and sentencing as averred from the multiple entries of judgments and remands. Plainly stated, "the trial court just can't get it right"

Respectfully submitted,

*/s/ Lonnie Thompson*

Lonnie B. Thompson
# 640-614
Mansfield Correctional Inst.
Post Office Box 788
Mansfield, Ohio 44901
Petitioner, Pro-se

9

## CERTIFICATE / VERITY OF SERVICE

I, Lonnie B. Thompson, Petitioner, under the penalty of perjury do declare that a copy of the Objections to the Magistrate's Report and Recommendation was placed in the inmate mailbox located at the Mansfield Correctional Institution's mailing system with paid postage on the February 27th, 2022 to the Office of the Clerk, United States District Court, Northern District of Ohio, Carl B. Stokes United States Court House, 801 West Superior Avenue, Cleveland, Ohio 44113-1830.

Lonnie B. Thompson
# 640-614
Mansfield Correctional Institution
Post Office Box 788
Mansfield, Ohio 44901

Lonnie Thompson
#640-614
Mansfield Correctional Institution
Post Office Box 788
Mansfield, Ohio 44901

**INMATE OF
MANSFIELD CORRECTIONAL
INSTITUTION**



Office of the Clerk
United States District Court
Northern District of Ohio
Carl B. Stokes United States Court House
801 West Superior Avenue
Cleveland, Ohio 44113-1830