UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LONNIE THOMPSON, | ) | CASE NO. 1:19-cv-58 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| WARDEN CHARMAINE BRACY, | ) | |
| | ) | |
| RESPONDENT. | ) | |

On January 14, 2022, the assigned magistrate judge issued a Report and Recommendation ("R&R") recommending that the Court deny the petition for writ of habeas corpus filed by pro se petitioner Lonnie Thompson ("Thompson") pursuant to 28 U.S.C. § 2254. (Doc. No. 29.) Thompson sought a 90-day extension of time to file his objections to the R&R, which the Court denied but granted Thompson a 30-day extension until March 1, 2022. (*See* Doc. No. 30; Order [non-document] February 1, 2022.) Thompson subsequently filed his objections, which the Court will consider timely filed. (Doc. No. 33; *see* Doc. No. 35 (Order Reopening the Case).)

For the reasons that follow, Thompson's objections to the R&R are overruled and the petition is denied.

I.  **Legal Standard of Review**

　A.　**28 U.S.C. § 636(b)(1)(C)**

Under 28 U.S.C. § 636(b)(1)(C), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which

objection is made." *See also Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party."); Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). After review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

    **B.**    **AEDPA**

Although the Court must review de novo any matter properly objected to, in the habeas context, it must do so under the deferential standard of the Antiterrorism and Death Penalty Act of 1996 ("AEDPA.") Under AEDPA:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
>     (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>     (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)–(2).

As to the first prong,

[A] decision of the state court is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." [citation omitted]. . . . [A]n "unreasonable application" occurs when "the state court identifies the correct legal principle from [the Supreme] Court's decision but unreasonably applies that principle to the facts of the prisoner's case." [citation omitted]. A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." [citation omitted].

*Harris v. Stovall*, 212 F.3d 940, 942 (6th Cir. 2000) (quoting *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000)).

With respect to the second prong, federal courts must "presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.'" *Schriro v. Landrigan*, 550 U.S. 465, 473–74, 127 S. Ct. 1933, 167 L. Ed. 2d 836 (2007) (citing 28 U.S.C. § 2254(e)(1)).

Under AEDPA's deferential habeas review standard, the question before the Court on de novo review "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro*, 550 U.S. at 473 (citing *Williams,* 529 U.S. at 410). In order to obtain habeas corpus relief from a federal court, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and

3

comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011).

This standard is difficult to meet "because it was meant to be." *Id*. "[H]abeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id*. at 102–03 (quoting *Jackson v. Virginia,* 443 U.S. 307, 332, n.5, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979) (Stevens, J., concurring in judgment)).

## II. Discussion

### A. Habeas Petition and the R&R

For his conduct in connection with counterfeit payroll checks, Thompson was convicted in the Cuyahoga County Court of Common Pleas on January 30, 2013, Case No. CR-11-553640-A, on one count of engaging in a pattern of corrupt activity, twenty-eight counts of forgery, one count of telecommunications fraud, seventeen counts of identity fraud, and one count of theft. (*See* Doc. No. 1 at 1[1]; Doc. No. 29 at 4 (record citation omitted).) On February 26, 2013, Thompson was sentenced to an aggregate prison term of thirty-two years and six months. (Doc. No. 1 at 1; Doc. No. 29 at 4 (record citation omitted).) The R&R summarized the facts and sets forth in detail the complicated procedural history of this case. (*See* Doc. No. 29 at 2–15.)

Thompson filed his habeas petition asserting four grounds for relief relating to his convictions and sentence:

> **GROUND ONE:** Trial court failed to conduct a de novo resentencing, denying Petitioner his Due Process protections under the 14th Amendment to the U.S. Const[ition].

---

[1] Page number references are to the page numbers assigned to each individual document by the Court's electronic filing system, a practice recently adopted by the Court.

4

> *Supporting Facts:* Upon reviewing Petitioner's original direct appeal, the Ohio Eighth District Court of Appeals remanded the case back to the trial court for resentencing to remedy an allied offense error. The trial court did allow Petitioner an opportunity for allocution, during which he asked the court to consider whether there were other counts in his conviction that should have merged. The court informed Petitioner that it had lost jurisdiction to change his sentence, and thereafter failed to conduct any further allied offense determination, and also failed to make any findings pursuant to ORC 2929.14(C)(4) before reimposing consecutive sentences. The court also failed to respond to Petitioner's request regarding the order in which his sentences were to be served.

(Doc. No. 1 at 5, Doc. No. 1-1 at 2.)

> **GROUND TWO:** Trial court failed to merge allied offenses in violation of Petitioner's protection against Double Jeopardy under the 5th Amend. to the U.S. Const[ition].
>
> *Factual Support:* The following sets of offenses are allied offenses of similar import, pursuant to ORC 2941.25(A), that the trial court failed to merge at sentencing or resentencing: the forgeries in Counts 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, and 28 all should have merged into the theft in Count 50. Each count of forgery listed a check number, date, and amount of money that Petitioner used it to forge. The total sum of the amounts listed in Counts 2-28 was $18,985.22. In Count 50, Petitioner was charged with the theft of $18,985.22. Counts 43, 44, 45 and 47, which all charged Petitioner with identity fraud under ORC 2913.49(B)(l). All four counts contain the following identical, carbon-copy language:
>
>> "The grand jurors, on their oaths, further find that the Defendant(s) unlawfully did, without the express or implied consent of [], use, obtain, or possess any personal identifying information of [] with intent to represent []'s personal identifying information as his own personal identifying information and the value of the credit, property, services, debt, or other legal obligation involved in the violation or course of conduct was $400 or more and less than $5,000."
>
> In Counts 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41 and 42 Petitioner was also charged with identity fraud. However, while each count alleged a different victim, they were all alleged to have occurred "On or about October 17, 2008" and all of the offenses were charged as having been committed from the same location – Petitioner's apartment. Petitioner's direct appeal challenged that Counts 2-28

5

should have merged with Count 50; that Counts 43, 44, 45 and 47 all should have merged into one count, and Counts 31-42 all should have merged into one count.

(Doc. No. 1 at 7, Doc. No. 1-1 at 3.)

> **GROUND THREE:** Trial court failed to make findings under ORC 2929.14(C)(4) before imposing consecutive sentences, violating Due Process under 14th Amendment.
>
> *Factual Support:* While the trial court made a set of findings pursuant to ORC 2929.14(C)(4) in support of imposing consecutive sentences at Petitioner's original sentencing hearing, at Petitioner's resentencing hearing, which followed a remand from the appellate court, after merging Counts 40 and 41 the trial court failed to make a new findings [sic] under the statute before reimposing consecutive sentences.

(Doc. No. 1 at 9.)

> **GROUND FOUR:** Trial court engaged in vindictive sentencing, violating Petitioner's Due Process protections under the 5th and 14th Amendments to the U.S. Constitution.
>
> *Factual Support:* Prior to opting to take his case to trial, Petitioner was offered a plea deal by the State of Ohio in which, in exchange for his plea of guilty to the Count 1 charge of engaging in a pattern of corrupt criminal activity in violation of ORC 2923.32(A)(l), the State would dismiss all of the remaining counts in the indictment. Had petitioner accepted the plea offer the longest sentence the trial court could have imposed was 8 years. Petitioner rejected the deal and the case proceeded to trial where he was found guilty on all counts. At sentencing, the prosecution asked for a sentence of 20 years. Instead, trial court Judge Shirley Strickland Saffold imposed an aggregate sentence of 32 ½ years (reduced to 31 ½ years at resentencing). At both sentencing and resentencing Petitioner's defense raised a concern over vindictive sentencing. Petitioner had two primary co-defendants in the present case - Janell Calloway and Diontae Adams - both of whom did accept plea deals offered by the State of Ohio. Calloway was sentenced to only 3 years and Adams was sentenced to only 1 year. During sentencing and resentencing, Judge Saffold made numerous derogatory comments about Petitioner, such as: "You have been a con man all your life." And "You came in with all of this was a game." The Cuyahoga County (Ohio) Public Defender's Office presented an amicus curiae brief supporting this ground.

(Doc. No. 1 at 11, Doc. No. 1-1 at 3.)

6

After a lengthy and thorough analysis, the magistrate judge recommended that the petition be denied in its entirety because all four grounds for relief are procedurally defaulted, non-cognizable upon habeas review, and/or lack merit. (*See* Doc. No. 29 at 53.) With respect to Ground One, the R&R concludes that this ground for relief regarding resentencing and the imposition of consecutive sentences alleges a violation of state law, which is not cognizable in habeas, and recommends that Ground One be denied because it fails to assert a cognizable federal habeas claim. (*Id*. at 38–41.) As to Ground Two, the R&R concludes that this ground for relief is both procedurally defaulted, lacks merit, and/or asserts a state law claim that is non-cognizable upon habeas review, and recommends Ground Two be denied. (*Id.* at 31–36, 41–48.) Regarding Ground Three, the R&R concludes that this ground for relief is procedurally defaulted, lacks merit, and/or asserts a state law claim that is non-cognizable upon habeas review and recommends Ground Three be denied. (*Id*. at 29–31, 48–50.) Lastly as to Ground Four, the R&R concludes that this ground for relief is both procedurally defaulted and lacks merit and recommends that Ground Four be denied. (*See id.* at 21–29, 50–53.)

### B. Petitioner's Objections

#### 1. Ground Four

Thompson begins his objections with Ground Four. (*See* Doc. No. 33 at 2–4.) Petitioner does not take issue with any particular portion or analysis of the R&R regarding Ground Four. Rather, he simply disagrees with the recommendation, reargues the merits of this claim, and concludes by pointing the Court to the traverse. (*See id.* at 2–4 ("As averred in Petitioners [sic] traverse . . . ,[t]his court need only to review the record before it to concede that petitioners [sic]

7

suffered a constitutional violation as a result of the vindictive punishment received.") and Doc. No. 25 at 24–29.) At most, petitioner's "objection" to Ground Four reasserts the arguments in the traverse and reflects his disagreement with the recommendation that Ground Four be denied.

### 2. Ground Three

With respect to Ground Three, Thompson takes issue with the recommendation that this ground for relief is procedurally defaulted, though the magistrate judge recognized that the court raised this issue sua sponte and noted that petitioner was free to argue in his objection that his default was excused by cause and prejudice. (*See* Doc. No. 29 at 31; Doc. No. 33 at 5.) In his objection, petitioner states that the issue of procedural default raised by the magistrate judge is:

> without merit as petitioner could not have presented this claim in an earlier appeal because his sentence was not reviewable to the state court due to lack of finality. Furthermore, this satisfies a showing of cause and prejudice to excuse the procedural bar. Thompson's claim was only able to be reviewed by a higher court following a final order that produced a fifth appeal. The state procedural bar being used as a vehicle to punish the petitioner and deny him federal relief is error.

(Doc. No. 33 at 5.)

Petitioner's objection does not constitute a proper objection to the recommendation that this claim is procedurally defaulted, nor does his conclusory statements establish that the procedural default of this claim is excused by cause and prejudice. With respect to the recommendation that Ground Three be dismissed as a non-cognizable state law claim and, to the extent that ground for relief asserts a federal claim, be dismissed for lack of merit, it appears that Thompson may be attempting to address this issue in his fourth and final objection as discussed below. (*See* Doc. No. 29 at 49–50; *see also* Doc. No. 33 at 7–8.)

### 3. Ground Two

With respect to Ground Two, Thompson's objection consists almost entirely of a lengthy quotation from an unidentified Ohio state court case, and argument that he is entitled to habeas relief because respondent "provided no defense as to this claim as the state appellate court never considered the argument[]" and "did not deny Thompson suffered a constitutional violation." (*See* Doc. No. 33 at 5–7.) Beyond vaguely suggesting that he disagrees with the recommendation, Thompson does not identify any portion of the recommendation to which he asserts a specific objection.

### 4. Grounds One, Two, and Three

For his fourth and final objection, Thompson makes a collective objection to Grounds One, Two, and Three concerning the "trial courts [sic] failure to hold a proper hearing in considering the consecutive constitutionality of his entire sentence." (*See id*. at 7.) In this objection, petitioner does not point the Court to specific portions of the R&R to which he objects. Rather, petitioner briefly quotes and cites certain Ohio state court cases, including *State v. Wilson*, 951 N.E.2d 381 (Ohio 2011), which he also argued in his traverse. (*See* Doc. No. 33 at 7; Doc. No. 25 at 11–12, 27.)

> Petitioner then concludes his "objection," in its entirety. as follows:
>
> The issue here with Thompson's claim that there was a lack of a de novo sentencing hearing is the fact that there was an inference that his crimes were allied offense and the trial court at the least should have held a hearing to determine (if) consecutive sentences would be a violation of his state and constitutional rights. When [t]he 8th District State Appellate Court limited its remand to [o]nly specific counts, Petitioner at the sentencing hearing through counsel notified the trial court that other counts should merge for the purpose of sentencing. However, the trial court judge thought it would be more judicially effective to engage in a fact less

9

> and wholly frivolous dialogue concerning her personal opinion about petitioner's remorse for his crime disregarding any objection by petitioner or his attorney. *See March 2016, Sentencing Hearing.* Furthermore, even if the remand was limited to the correction of a sentence, as long as he is in present [sic] to raise objection at his sentencing hearing, the issue is preserved for appeal.
>
> The state appellate court did definitively address petitioner's claims regarding grounds one, two, and three. Thompson is entitled to habeas relief as a Double Jeopardy claim is valid under this particular circumstance.

(Doc. No. 33 at 7–8.)

With respect to Ground One, Thompson's objection is silent regarding the recommendation that Ground One asserts an alleged violation of state law concerning sentencing, which is not cognizable in habeas and should be denied on that basis. (*See* Doc. No. 29 at 38–41.) Nor does this collective "objection" transform Thompson's earlier "objections" to Grounds Two and Three into proper objections requiring the Court to conduct a de novo review.

     **5.**    **Analysis**

As discussed above, none of petitioner's objections identify specific portions of the R&R to which Thompson takes issue, and all of his objections simply argue that each of his asserted claims constitute a federal constitutional violation. An objection that does nothing more than disagree with the R&R or summarize petitioner's prior arguments is not an objection within the meaning of the statute that is entitled to de novo review. *Aldrich*, 327 F. Supp. 2d at 747; *see also Heckathorn v. Baldauf*, No. 4:20-cv-2820, 2022 WL 171540, at *9 (N.D. Ohio Jan. 19, 2022) ("Petitioner clearly disagrees with the R&R's conclusions and recommendations, but does not point out any specific error therein, instead just reargues the merits of the cited Grounds. . . . This

10

is insufficient to trigger de novo review.") (citing *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001)); *Andres v. Comm'r of Soc. Sec.*, 733 F. App'x 241, 244 (6th Cir. 2018) ("Because Andres failed to pinpoint the magistrate judge's alleged errors, he has forfeited his arguments on appeal.").

General objections such as those advanced by Thompson are not proper objections entitled to de novo review. Therefore, the Court need only review the R&R for clear error. *Travis v. Smith*, No. 1:09-cv-2187, 2011 WL 1431319, at *1 (N.D. Ohio Apr. 14, 2011) (citation omitted); *see also Kirkland v. Comm'r of Soc. Sec.*, No. 5:20-cv-2480, 2022 WL 643169, at *5 (N.D. Ohio Mar. 4, 2022) ("A 'general objection is treated as no objection at all and results in only clear error review' of the Report and Recommendation.") (quoting *Allgood v. Shoop*, No. 1:19-cv-02808, 2021 WL 2116280, at *1 (N.D. Ohio May 25, 2021) (citing *Travis*, 2011 WL 1431319, at *1)); *Day v. Onstar, LLC*, No. 2:19-cv-10922, 2019 WL 3315278, at *1 (E.D. Mich. July 24, 2019) (frivolous, conclusive, or general objections to a report and recommendation are reviewed for clear error) (citations omitted).

The Court has reviewed the extensive 53-page R&R, which thoroughly analyzed Thompson's four grounds for relief with respect to the issues of procedural default in the context of the complicated procedural history of this case, cognizability, and the merits of Thompson's habeas claims. Because Thompson has not asserted specific objections to the well-reasoned recommendations of the magistrate judge, the Court reviews the R&R for clear error and finds none.

### III. Conclusion

To the extent that Thompson did not object to the magistrate judge's report and recommendation, Thompson waived his right to a de novo review. With respect to the objections asserted by Thompson, the Court concludes that petitioner has not asserted proper objections and, thus, has waived his right to de novo review.

The Court has reviewed the R&R for clear error and found none. Petitioner's objections are overruled, and the Court accepts and adopts the R&R.

Accordingly, Thompson's petition is denied and dismissed in its entirety. The Court certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §§ 1915(a)(3), 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: March 29, 2022

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**